UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Jamel Washington,

                              Plaintiff,                    **MEMORANDUM & ORDER**
                                                                                   25-CV-02070 (DG) (TAM)

     -against-

The People of The State of New York, *et al.*,

                            Defendants.
-----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On March 21, 2025, Plaintiff Jamel Washington, proceeding *pro se* and then incarcerated, filed this action in the United States District Court for the Southern District of New York against Defendants The People of The State of New York; Alexander B. Jeong, Richmond County Criminal Court Judge; Michael E. McMahon, Richmond County District Attorney; and Kate C. Malloy, Richmond County Assistant District Attorney. *See* Complaint ("Compl."), ECF No. 1.[1] The action subsequently was transferred to the United States District Court for the Eastern District of New York. *See* ECF Nos. 3, 4; *see generally* docket.

       The Complaint appears to be brought pursuant to 42 U.S.C. § 1983 ("Section 1983").[2] Because the Complaint does not specify whether the Section 1983 claim as against the individual Defendants is brought against them in their individual capacities, in their official capacities, or in both capacities, *see generally* Compl., the Court construes the Complaint to be bringing the

---

[1] When citing to the Complaint, the Court uses the page numbers generated by the Court's electronic case filing system ("ECF"). When quoting from the Complaint, the Court retains the original capitalization, spelling, and punctuation.

[2] In the section of the preprinted complaint form directing Plaintiff to state the federal legal basis for his claim, Plaintiff checks the box for "Violation of my federal constitutional rights." *See* Compl. at 2.

Section 1983 claim against each of the individual Defendants in both capacities. In addition, the Court construes the Complaint's reference to The People of The State of New York to be intended to indicate that Plaintiff seeks to bring the Section 1983 claim against the State of New York.[3]

Pending before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*. *See* ECF No. 7; *see also* ECF Nos. 8, 9. The Court grants Plaintiff's request to proceed *in forma pauperis* and, for the reasons set forth below, dismisses the Complaint in its entirety.

## BACKGROUND

In the section of the Complaint titled "Statement Of Claim," Plaintiff alleges – in conclusory fashion and without distinguishing among the various Defendants – the following:

I. The Defendants did deprive the Plaintiff of his Constitutional Right to due process of the law in violation of his fundamentally guaranteed 5th Ammendment of The United States Constitution by virtue of prosectuing a facially insufficient accusatory instrument, to witt the alleged attattchment.[4]

II. The Defendants did deprive the Plaintiff of a Speedy Trial, and Public Trial, as guaranteed by the 6th Ammendment of The United States Constitution in that they ignored Plaintiff's New York Criminal Procedure Law 30.30(1)(a) motion/legal pleading. Additionally, Defendants failed to hold a hearing pursuant to Criminal Procedure Law 30.30(5) to determine actual readiness of the prosecution.

III. The Defendants did deprive Plaintiff effectives assistance of counsel as guaranteed by the 6th Ammendment of The United States Constitution, in that they denied Plaintiff's right to act as his own counsel, as well as forcing Plaintiff to be represented by counsel that had no desire to represent him.

IV. Defendants did impose excessive bail upon the Plaintiff, thereby inflicting cruel and unusual, as well as cruel and indifferent punishment in violation of the 8th Ammendment of The United States Constitution, in that the

---

[3] In light of Plaintiff's *pro se* status, the Court liberally construes Plaintiff's filings in this action. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[4] Notwithstanding the Complaint's reference to an attachment, no attachment was filed. The absence of the attachment is not material to the Court's decision herein.

      Plaintiff's bail is $450,000.00

V.    Defendants did deny Plaintiff the right to face his accusers in violation of the 6th Ammendment of The United States Constitution

VI.   The Defendants did deny Plaintiff his reasonable expectation to privacy in that an illegal search was executed and the findings thereof were used against the Plaintiff in violation of 4th and 5th Ammendments of The United States Constitution.

VII.  The Defendants did deny the Plaintiff the ability to have a speedy trial by virtue of the fact that they never held hearings to verify the veracity of The People's contention of readiness for trial in violation of the 5th and 6th Ammendments of The United States Constitution.

VIII. Defendants did deny Plaintiff full disclosure of the discovery material, to witt, failing to produce all Civilian Complaint Review Board, Internal Affairs Beareau, and Police Misconduct Records, both substantiated and unsubstantiated, as well as the witness contact information, Expert Witness educational information, body worn camera evidence of arrest, search warrants for Plaintiff's property, oath and affirmation supporting the legal warrant and more, in violation of the 4th; 5th; and 6th Ammendments of The United States Constitution.

IX.   Defendants did deny the Plaintiff the right to appear and testify at his Criminal Grand Jury proceeding in violation of the 5th Ammendment and 14th Ammendment of the United States Constitution.

*See* Compl. at 4-5.

      Plaintiff seeks the following relief:

I.     Immediate dismissal of all charges and the accusatory instrument for procedural defects, and facial insufficiency.

II.    The immediate release of Plaintiff, whereas any incaceration is illegal, for various reasons.

III.   Punitive Damages in the amount of $20,000,000.00, or any amount that this Court deems just and proper, for mental cruelty, vicious verbal slander, and for pain and suffering.

IV.   $60,096,750.00 in Compensatory Damages, as well as any amount that this Court deems just and proper in Nominal Damages.

*See* Compl. at 6.[5]

---

[5] Plaintiff appears to have been convicted in state court since the time he filed the Complaint in the instant action and Plaintiff (who filed the Complaint as a pretrial detainee) appears to no longer be detained, *see* Notice of Change of Address, ECF No. 10. The Court addresses herein Plaintiff's Section 1983 claim to the extent that it seeks monetary relief against Defendants and

3

**STANDARD OF REVIEW**

To survive dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally").

The Prison Litigation Reform Act ("PLRA") requires a district court to screen civil complaints brought by a prisoner against a governmental entity or against an officer or employee of a governmental entity, *see* 28 U.S.C. § 1915A(a), and requires a district court to dismiss a plaintiff's complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief,"

---

notes that Plaintiff's requests for non-monetary relief appear to be moot. *See Gregory v. Ricigliano*, No. 12-CV-04372, 2014 WL 119475, at *6 (E.D.N.Y Jan. 10, 2014) (noting that "courts have held that when a state court criminal defendant brings an action in federal court seeking to enjoin any part of the state criminal proceedings, the federal action becomes moot once the state criminal case proceeds to judgment" and collecting cases); *Davis v. Thompson*, No. 23-CV-00705, 2024 WL 1018495, at *5 (E.D.N.Y. Mar. 8, 2024) (noting that "judgment has already been entered in plaintiff's underlying criminal case" and that "Plaintiff's request that the Court grant an injunction dismissing his criminal case is now moot"); *Crevelle v. U.S. Marshals*, No. 12-CV-05873, 2012 WL 6212703, at *2 (E.D.N.Y. Dec. 11, 2012) (noting that plaintiff's release from custody renders his request for release from incarceration moot).

4

*see* 28 U.S.C. § 1915A(b).  The *in forma pauperis* statute requires courts to dismiss for the same reasons.  *See* 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007) (applying both § 1915A and § 1915(e)(2) to a prisoner's complaint in a case in which the prisoner proceeded *in forma pauperis*).

When conducting the review required by the PLRA and the *in forma pauperis* statute, a court must "accept all 'well-pleaded factual allegations' in the complaint as true."  *See Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679); *see also Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (noting that a court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor" when reviewing a complaint pursuant to 28 U.S.C. § 1915A); *Leybinsky v. Iannacone*, No. 97-CV-05238, 2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) (noting that "[f]or purposes of considering a dismissal under 28 U.S.C. § 1915(e)(2), the allegations in the complaint must be taken as true").  "Even in a *pro se* case, however, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quotation omitted).

## DISCUSSION

Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution."  *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).[6]  To sustain a claim brought under Section

---

[6] In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of

1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id*. (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

Here, even liberally construed, Plaintiff's Section 1983 claim must be dismissed because each Defendant enjoys immunity as set forth below.

Plaintiff's Section 1983 claim as against Defendant State of New York is barred by Eleventh Amendment immunity, *see Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 529 (2d Cir. 1993) (noting that "[t]he Eleventh Amendment, with few exceptions, bars federal courts from entertaining suits brought by a private party against a state in its own name"); *see also Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015), and Plaintiff's Section 1983 claim as against Defendants McMahon, Malloy, and Jeong in their official capacities also is barred by Eleventh Amendment immunity, *see Ying Jing Gan*, 996 F.2d at 529 (noting that "[t]o the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state"); *see also Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *Smith v. Troulakis*, No. 22-CV-03441, 2022 WL 3139118, at *3 (E.D.N.Y. Aug. 5, 2022) (noting that "Eleventh Amendment immunity extends to state officials acting in their official capacities, including an assistant district attorney"); *Davis v. Thompson*, No. 23-CV-00705, 2024 WL 1018495, at *5 (E.D.N.Y. Mar. 8, 2024) (noting that claims against state

---

any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

6

court judges in their official capacities are barred by Eleventh Amendment immunity).[7]

Plaintiff's Section 1983 claim as against Defendants McMahon and Malloy in their individual capacities is barred by prosecutorial immunity. *See Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005) (noting that it is well established that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution" is "immune from a civil suit for damages under § 1983" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)); *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019).

Plaintiff's Section 1983 claim as against Defendant Jeong in his individual capacity is barred by judicial immunity. *See Bliven v. Hunt*, 579 F.3d 204, 209-10 (2d Cir. 2009) (noting that "[i]t is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions" and that "the Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature"); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (noting that immunity may only be overcome where the challenged actions were "not taken in the judge's judicial capacity" or the actions, "though judicial in nature, [were] taken in the complete absence of all jurisdiction").

In light of the above, Plaintiff's Section 1983 claim is dismissed, without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## CONCLUSION

Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. 7, is granted.

For the reasons set forth above, the Complaint, ECF No. 1, is dismissed in its entirety,

---

[7] The exceptions to sovereign immunity do not apply here. *See Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (noting that "[i]t is well-established that New York has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity" (citations omitted)); *Smith*, 2022 WL 3139118, at *3.

7

without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).[8]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, mail a copy of this Order to Plaintiff, and close this case.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: August 26, 2025
       Brooklyn, New York

---

[8] Notwithstanding Plaintiff's *pro se* status, such dismissal is without leave to amend as the Court finds that amendment would be futile in light of the deficiencies set forth above, which cannot be cured by better pleading. *See Haynes v. Foschio*, No. 21-1767, 2022 WL 433337, at *2 (2d Cir. Feb. 14, 2022) (noting that "[b]ecause additional pleading could not overcome the defendants' immunity, the district court properly denied leave to amend as futile" (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000))).